FILED
13th JUDICIAL DISTRICT COURT
Cibola County
2/1/2021 4:08 PM
Toinette Garcia
CLERK OF THE COURT
Chase Taylor

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT COURT

JAMES CRIST and ANGELICA CRIST,

    Plaintiffs,

v.                                                        Cause No. D-1333-CV-2021-00016

DEIDRE EPALOOSE, GOVERNMENT
EMPLOYEES INSURANCE COMPANY, and
FARMERS TEXAS COUNTY MUTUAL
INSURANCE COMPANY,

    Defendants.

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

COME NOW, Plaintiffs, by and through attorney of record PARNALL LAW FIRM, LLC (Peter Grueninger), and state:

1. Plaintiffs James Crist and Angelica Crist are residents of Travis County, Texas.

2. Upon information and belief, Defendant Diedre Epaloose is a resident of McKinley County, New Mexico.

3. Defendant Government Employees Insurance Company (hereinafter "GEICO") is subject to the Court's jurisdiction pursuant to *Raskob v. Sanchez*, 1998-NMSC-045, 126 N.M. 394, as insurer of the vehicle driven by Defendant Deidre Epaloose.

4. Defendant Farmers Texas County Mutual Insurance Company (hereinafter "Farmers"), is a Texas Insurance Company.

5. At all times pertinent hereto, Plaintiffs and Defendant Farmers were insured and insurer respectively under a valid and binding contract for insurance ("Policy"), which provided coverage for injuries and damages suffered through the acts or omissions of uninsured or

**EXHIBIT A-1**

underinsured motorists.

6. The events described in this Complaint occurred in Cibola County, New Mexico.

7. Jurisdiction and venue are proper in this Court.

### Counts 1 and 2 – Negligence and Negligence Per Se (Defendant Deidre Epaloose; Defendant Geico, as *Raskob* liability insurer)

8. On or about September 19, 2019, Plaintiffs were operating a motor vehicle in a safe and prudent manner, traveling eastbound on Interstate 40 near Mile Marker 115.

9. On or about September 19, 2019, Defendant Diedre Epaloose ("Underinsured Driver") was operating a motor vehicle, traveling eastbound on Interstate 40 near Mile Marker 115.

10. Defendant Diedre Epaloose had a duty to drive in a reasonable and safe manner, and follow traffic rules, in order to prevent foreseeable harm to others, including Plaintiffs.

11. Defendant Diedre Epaloose failed to drive in a reasonable and safe manner, and failed to follow traffic rules.

12. Defendant Diedre Epaloose failed to stop with traffic and rear-ended Plaintiffs' vehicle.

13. Defendant Diedre Epaloose knew or should have known that such conduct posed a risk of harm to others, including Plaintiffs.

14. As a result, Defendant Diedre Epaloose breached the duty owed to Plaintiffs.

15. Defendant Diedre Epaloose drove in a willful, intentional, malicious, reckless, careless, wanton, and/or grossly negligent manner; such conduct warrants punitive damages.

16. Defendant Diedre Epaloose violated traffic laws, codes or regulations, without just cause or excuse. Plaintiffs were in the class of persons intended to be protected by said laws.

17. As a direct and proximate result of Defendant Diedre Epaloose's wrongful conduct, negligence, and negligence per se, a collision occurred, and Plaintiffs were injured and suffered damages.

### Count 3 – Declaratory Judgment (Farmers)

18. Plaintiffs repeat the above allegations as though set forth in full.

19. An underinsured motorist failed to drive in a reasonable and safe manner, and failed to follow traffic rules.

20. As a result of the underinsured motorist's wrongful conduct, negligence, and negligence per se, a collision occurred, and Plaintiffs were injured and suffered damages.

21. The collision occurred during the effective dates of Plaintiffs' underinsured motorist insurance policy, which was at that time in full force and effect.

22. Plaintiff reported the claim to Defendant Farmers and provided all requested information and documentation.

23. Plaintiff has performed all conditions precedent to the right to receive payment of insurance proceeds to compensate for losses caused by the underinsured motorist's conduct under the aforementioned policy.

24. Defendant Farmers has failed to reasonably respond to Plaintiff's demands for coverage under the policy.

25. Despite several demands, Defendant Farmers has refused to pay the losses incurred by Plaintiff.

26. An actual controversy exists between the parties concerning their respective rights, status, and obligations under the facts and circumstances of this case and the insurance policy involved herein sufficient to satisfy the requirements of the Declaratory Judgment Act, NMSA

1978 § 44-6-1 et seq.

27. Plaintiff requests that this Court review the insurance contract, the facts and circumstances, and the applicable law, and issue its Order declaring the parties' respective rights and obligations and directing their behavior accordingly, all as permitted by the Declaratory Judgment Act.

### Count 4 – Breach of Contract (Farmers)

28. Plaintiffs repeat the above allegations as though set forth in full.

29. Insurance coverage in New Mexico is provided by the insurer's contract of adhesion and is construed in light of the reasonable expectations of the insured, the expectations arising from the policy language, and from the dynamics of the insurance transaction.

30. Defendant Farmers has failed/refused to timely and/or thoroughly investigate, evaluate and/or pay Plaintiff's claims.

31. Defendant Farmers has attempted to obscure its obligations under the express and implied provisions of the insurance contract.

32. Defendant Farmers breached its obligations owed under the insurance contract.

33. As the result of Defendant Farmers' breach of its contractual duties, Plaintiff has suffered and continues to suffer damages.

34. Defendant Farmers knew or reasonably should have known of its obligation to contractually perform under its insurance coverage and Plaintiff's reasonable expectations regarding insurance coverage.

35. Defendant Farmers knew or reasonably should have known that its failure or refusal to perform under the insurance coverage would cause Plaintiff financial hardship, damages and extra-contractual damages.

36. Defendant Farmers breached the contract with dishonest judgment, a culpable mental state and/or bad faith disregard of Plaintiff's rights. Defendant's actions were willful and in wanton disregard for Plaintiff's rights.

37. Defendant Farmers' dishonest judgment, culpable mental state and/or bad-faith, and its willful, reckless and/or wanton disregard of Plaintiff's rights, compel an award of punitive damages in an amount to be determined at trial.

### Count 5 – Insurance Bad Faith and Breach of Fiduciary Duties (Farmers)

1. Plaintiffs repeat the above allegations as though set forth in full.

2. The subject loss was within the coverage of the insurance policy.

3. Defendant Farmers had a fiduciary duty to deal fairly with its insured.

4. Plaintiff notified and contacted Defendant Farmers for insurance protection and payment after the loss.

5. Defendant Farmers has refused to pay the claim for reasons which are frivolous and unfounded.

6. Defendant has:
    a. Failed and refused to timely, thoroughly and/or fairly investigate, evaluate, settle or pay the claims and failed to give the interests of its insured the same consideration as its own.
    b. Failed and refused to conduct an adequate investigation into the facts and circumstances of Plaintiff's claims.
    c. Failed and refused to timely communicate, notify, and/or explain to Plaintiff Defendant Farmers' position on the claims.
    d. Failed to conduct a competent investigation of the claim and to honestly and

fairly balance its own interests and the interests of the insured in rejecting a settlement offer within policy limits.

e. Placed its own financial interests above those of its insured.

7. As a result of the bad faith conduct by Defendant Farmers, Plaintiffs have suffered injuries and damages.

### Count 6 – Unfair Insurance Claims Practices (Farmers)

8. Plaintiffs repeat the above allegations as though set forth in full.

9. At all times pertinent hereto, NMSA 1978 § 59A-16-21 required Defendant Farmers to pay Plaintiff's claim within a timely manner.

10. Plaintiff submitted all necessary proof of loss and damages materials, but Defendant Farmers has refused to pay Plaintiff's claim as of the filing of this Complaint, despite due demand therefore.

11. Defendant Farmers' conduct regarding the claims herein also violated the Unfair Claims Practices Act, NMSA 1978, 59A-16-20, including but limited to the following:

   a. Misrepresented pertinent facts or policy provisions relating to coverages at issue;

   b. Failed to acknowledge and/or act reasonably promptly upon a policyholder's communications with respect to claims;

   c. Failed to implement and/or adopt reasonable standards for the prompt investigation and processing of claims;

   d. Failed to affirm or deny coverage within a reasonable time after the proof of loss was made;

   e. Failed to attempt prompt, fair and equitable settlement of a claim in good faith

once liability had become reasonably clear;

f.  Compelled the policyholder to institute litigation in order to recover amounts due under the policy by offering substantially less than the actual value thereof;

l.  Delayed the investigation of a claim by requiring duplicative claims information and documentation;

n.  Failed to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

12. As a result of the unfair insurance practices of Defendant Farmers, Plaintiff has suffered injuries and damages.

13. Defendant Farmers willfully engaged in these violations, entitling Plaintiff to an award of attorneys' fees.

### Count 7 – Unfair Trade Practices (Farmers)

14. Plaintiffs repeat the above allegations as though set forth in full.

15. Defendant Farmers' wrongful conduct, as described above; including the failure to reasonably investigate, communicate upon, and/or attempt to resolve Plaintiff's claim stemming from the tortious conduct of the underinsured motorist; constitutes both unfair trade practices and unconscionable trade practices as set forth in the Unfair Trade Practices Act, NMSA 1978, 57-12-1, et seq, including but limited to the following:

(5) Represented that the services have characteristics, uses, benefits and/oor quantities that they do not have;

(7) Represented that the services were of a particular standard or quality or grade when they are of another;

> (9) Offered the services with intent not to supply them in the quantity requested by the prospective buyer to the extent of the stock available;
>
> (14) Used exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact when doing so deceived or tended to deceive;
>
> (15) Stated that a transaction involves rights, remedies or obligations that it does not involve;
>
> (17) Failed to deliver the quality and/or quantity of services contracted for;
>
> (E)(1) Took advantage of the lack of knowledge and/or experience of a person to a grossly unfair degree.

16. Defendant Farmers knowingly, willfully, and/or without exercising reasonable due diligence failed to deliver the quality/quantity of services that had been represented to the Plaintiff.

17. As a result of the unfair trade practices of Defendant Farmers, Plaintiff has suffered injuries and damages.

18. Defendant Farmers' violations also compel an award of ligation costs and attorney fees.

19. Defendant Farmers' violations were willful, compelling an award of treble damages.

### Count 8 – Breach of Good Faith and Fair Dealing (Farmers)

20. Plaintiffs repeat the above allegations as though set forth in full.

21. Defendant Farmers entered into an insurance contract with Plaintiffs and consequently owed a duty of good faith and fair dealing.

22. Defendant Farmers breached the covenant of good faith and fair dealing inherent in its contract.

23.   As a result of those breaches, Plaintiffs have suffered and continues to suffer damages.

24.   Defendant Farmers' actions were reckless, fraudulent, willful, and/or in wanton disregard for Plaintiffs' rights and compel an award of punitive damages in an amount to be determined at trial.

## Damages

25.   Plaintiffs repeat the above allegations as though set forth in full.

26.   As a further direct and proximate result of the Defendant Deidre Epaloose's wrongful conduct, Plaintiff has suffered injuries and damages, including but not limited to physical injuries, past incurred and future medical expenses, past incurred and future nonmedical expenses, emotional and physical pain and suffering, loss of life's enjoyment, property damages, and loss of household services; all to Plaintiff's great loss in an amount to be proven at trial.

27.   As a result of the conduct of the underinsured motorist, Plaintiff has suffered injuries and damages that entitled Plaintiff to compensation under Plaintiff's underinsured motorist insurance policy; including compensatory and punitive damages owed by Defendant Deidre Epaloose.

28.   As a result of Defendant Farmers' wrongful conduct, Plaintiff has suffered further injuries and damages.

29.   Plaintiff is entitled to recover breach of contract damages, punitive damages, attorney's fees, and litigation costs incurred due to Defendant Farmers' conduct; including, but not limited to, damages contemplated under New Mexico law for Insurance Bad Faith, violation of the Unfair Insurance Claims Practices Act, and violation of the Unfair and Unconscionable Trade Practices Act; and pursuant to NMSA 1978, §39-2-1.

30. Upon information and belief, Defendant Farmers' wrongful conduct in the handling of Plaintiff's claim has been willful; entitling Plaintiff to treble damages as provided by the Unfair and Unconscionable Trade Practices Act.

31. Defendant Farmers' conduct was in willful, wanton, and/or reckless disregard of the interests of Plaintiff and/or was based on dishonest judgment in refusing and failing to timely, thoroughly investigate, evaluate, settle or pay the claims or perform its duties of good faith, fair dealing and fiduciary duties toward Plaintiff, which amounted to bad faith on the part of Defendant Farmers, entitling Plaintiff to further punitive damages.

WHEREFORE, Plaintiffs request relief from this Court, including the following items:

A. This Court's Order determining the rights and liabilities of the respective parties as to policy proceeds due and payable under the policy of insurance between Plaintiffs and Defendant Farmers and directing the parties to act in accord therewith;

B. For an award in favor of Plaintiffs and against Defendants in an amount sufficient to compensate Plaintiff for all compensatory and punitive damages, injuries, losses, attorney's fees, costs, and interest recoverable under the law, including pre-judgment interest; and

C. For such other and additional relief as the Court may deem proper.

Respectfully submitted,

*/s/Peter Grueninger*
Peter Grueninger
PARNALL LAW FIRM, LLC
P.O. Box 8009
Albuquerque, NM 87198
(505) 268-6500; FAX (505) 268-8708
Attorneys for Plaintiffs